IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL C. THOMPSON, JR.,        ) | |
|     Plaintiff,        ) | Case No. 7:20-cv-00454 |
|        ) | |
| v.        ) | |
|        ) | By: Michael F. Urbanski |
| C/O SEXTON, et al.,        ) | Chief United States District Judge |
|     Defendants.        ) | |

## MEMORANDUM OPINION

This case was created as a result of an order severing certain claims included in a complaint filed by Paul C. Thompson, Jr., a Virginia inmate proceeding pro se.[1] By orders entered August 6, 2020 (ECF No. 1-1) and October 5, 2020 (ECF 12), the court directed Thompson to file an amended complaint that included only his excessive force and failure-to-protect claims arising from a May 2017 incident at Red Onion State Prison. The court later clarified that Thompson could also file a retaliation claim if that claim was based on the same incident. (ECF No. 14.) After receiving several extensions of time, Thompson filed a second amended complaint that complies with the court's previous instructions as to what claims and defendants may be part of this lawsuit. Accordingly, by order entered November 24, 2021, the court directed the Clerk to effect service on the named defendants. (ECF No. 24.) In the same order, the court granted Thompson leave to proceed in forma pauperis ("IFP").

The majority of the defendants have moved to revoke Thompson's IFP status on the ground that he has three prior strikes under the Prison Litigation Reform Act ("PLRA"), 28

---

[1] At the time the complaint was filed, Thompson was incarcerated within the Virginia Department of Corrections. He was released from incarceration earlier this year. (ECF No. 42.)

U.S.C. § 1915(g). (ECF No. 31.)[2] Having reviewed the record and applicable law, the court concludes that the motion must be **DENIED**.

"Litigants who qualify for IFP status are excused from prepaying court fees and costs." Harris v. Harris, 935 F.3d 670, 673 (9th Cir. 2019). "To help staunch a 'flood of nonmeritorious' prisoner litigation, the [PLRA] established what has become known as the three-strikes rule." Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1722 (2020) (quoting Jones v. Bock, 549 U.S. 199, 203 (2007)). The rule generally prohibits a "prisoner" from "bring[ing]" a lawsuit IFP if the prisoner has had three or more prior "action[s] or appeal[s] . . . dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).[3]

A prior action counts as a strike only if the action was "dismissed entirely as frivolous, malicious, or for failing to state a claim." Tolbert v. Stevenson, 635 F.3d 646, 647 (4th Cir. 2011) (emphasis in original); see also id. at 651 ("[W]e conclude that 'action' in § 1915(g) unambiguously means an entire case or suit. Therefore, § 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike."). Thus, a partial dismissal for failure to state a claim does not count as a strike under § 1915(g). See id. at 654 ("[W]e decline to adopt the government's position that partial strikes count as

---

[2] The motion was initially filed by defendants Sexton, Mannon, Begley, Walker, and the Commonwealth of Virginia. (ECF No. 31.) On February 3, 2022, defendants Dotson and Mullins joined in the motion. (ECF No. 39.)

[3] A plaintiff is a "prisoner" for purposes of § 1915(g) if he was incarcerated at the time the action was filed. See Harris v. City of New York, 607 F.3d 18, 21–22 (2d Cir. 2010) (rejecting the argument that "§ 1915(g) no longer applies once a prisoner has been released" and explaining that "[t]he use of the word 'bring' offers a clear indication that the provision goes into effect . . . at the moment the plaintiff files his complaint or notice of appeal").

2

strikes under § 1915(g) so long as no claim contained therein ever reaches adjudication on its merits. Section 1915(g)'s command is unambiguous: absent threat of serious injury, a prisoner loses the right to proceed IFP if he has brought three or more <u>actions</u> that were dismissed entirely as frivolous, malicious, or for failure to state a claim.") (emphasis in original).

When defendants challenge a plaintiff's IFP status under § 1915(g), they bear the initial burden of showing through documentary evidence that the plaintiff has three prior strikes. <u>Harris</u>, 935 F.3d at 673. If the defendants satisfy this initial burden, the burden shifts to the plaintiff to persuade the court that § 1915(g) does not apply. <u>Id.</u>

In moving to revoke Thompson's IFP status, the defendants rely on three prior cases that were filed while Thompson was incarcerated: <u>Thompson v. Wade</u>, No. 2:10-cv-00174 (E.D. Va.); <u>Thompson v. Clarke</u>, No. 2:14-cv-00086 (E.D. Va.); and <u>Thompson v. Smith</u>, No. 2:16-cv-00567 (E.D. Va.). In the first two cases, some—but not all—of Thompson's claims were dismissed for failing to state a claim. In <u>Wade</u>, the district court dismissed all claims asserted under 42 U.S.C. § 1983 for failure to state a claim and declined to exercise supplemental jurisdiction over any state law claims, including Thompson's claim of gross negligence. <u>See</u> No. 2:10-cv-00174, 2011 U.S. Dist. LEXIS 168659, at *14 (E.D. Va. Jan. 14, 2011). Similarly, in <u>Clarke</u>, the district court dismissed Thompson's First Amendment claim for failure to state a claim and declined to exercise supplemental jurisdiction over his claims under the Virginia Tort Claims Act. <u>See</u> No. 2:14-cv-00086, 2017 U.S. Dist. LEXIS 220095, at *10–12 (E.D. Va. Mar. 9, 2017).

Because <u>Wade</u> and <u>Clarke</u> were not "dismissed <u>entirely</u> . . . for failing to state a claim," the actions do not count as strikes under § 1915(g). <u>Tolbert</u>, 635 F.3d at 647; <u>see also</u> <u>Talley</u>

3

v. Wetzel, 15 F.4th 275, 278 (3d Cir. 2021) (holding that "prior 'mixed dismissals' where various district courts dismissed [the plaintiff's] federal claims on grounds enumerated in § 1915(g) and declined to exercise supplemental jurisdiction over [the plaintiff's] state law claims . . . are not strikes"); Fourstar v. Garden City Grp., Inc., 875 F.3d 1147, 1152 (D.C. Cir. 2017) (explaining that "a case in which a court declines to exercise supplemental jurisdiction over state-law claims does not count as a strike" since "the court has not dismissed the state-law claims for failure to state a claim, nor has the court dismissed the state-law claims as frivolous or malicious"). Consequently, the defendants have not met their initial burden of showing that Thompson had three strikes at the time he filed the present action.

For these reasons, the defendants' motion to revoke Thompson's IFP status under § 1915(g) is **DENIED**.[4] An appropriate order will be issued.

Entered: April 14, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.04.14 13:31:00
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[4] In light of the court's decision, Thompson's motions for extension of time to respond to the defendants' motion (ECF Nos. 43 and 48) will be denied as moot. However, the court will extend the time for Thompson to respond to an order entered on February 22, 2022, since his copy of the order was returned as undeliverable. In that order, the court advised Thompson that because he has been released from incarceration, he is no longer able to pay the filing fee in installments from his prison account, as required by 28 U.S.C. § 1915(b). The court directed Thompson to pay the entire filing fee or otherwise respond to the order within ten days. The court will direct the Clerk to send Thompson another copy of the order and grant him a ten-day extension of time to comply.