IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL C. THOMPSON, JR.,<br>    Plaintiff, | )<br>)   Civil Action No. 7:20-cv-00454<br>) |
| v. | )<br>) |
| C/O SEXTON, et al.,<br>    Defendants. | )   By: Michael F. Urbanski<br>)   Chief United States District Judge<br>) |

## ORDER

Paul C. Thompson, Jr., proceeding pro se, filed this civil action under 42 U.S.C. § 1983 while he was incarcerated within the Virginia Department of Corrections. On February 18 2022, the court received a notice of change of address from Thompson, which indicated that he had been released from incarceration. Consequently, by order entered February 22, 2022, the court advised Thompson that he was no longer able to pay the filing fee in installments from his prison account, as required by 28 U.S.C. § 1915(b). ECF No. 44. The order directed Thompson to pay the filing fee or otherwise respond within ten days, and it was accompanied by an application to proceed in forma pauperis ("IFP"). Id. The order warned Thompson that "[f]ailure to pay the fee in full or otherwise respond . . . within the time allowed . . . shall result in the immediate dismissal of this action without prejudice." Id. Despite receiving another copy of the order and an extension of time, see ECF No. 51, Thompson did not pay the filing fee, apply to proceed IFP, or have any further communication with the court within the time allowed. Accordingly, on May 10, 2022, the court dismissed the action without prejudice for failure to comply with the court's previous orders. ECF No. 56.

Thompson subsequently filed an "objection" to the dismissal order, which is presently before the court. ECF No. 57. Thompson argues that he had already been granted leave to proceed without prepaying the filing fee and that the court erred in requiring him to "refile for in forma pauperis [status]." Id.

Because Thompson filed the objection within 28 days of the entry of the dismissal order, the objection is properly construed as a motion for reconsideration under Federal Rule of Civil Procedure Rule 59(e). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within [the time period prescribed by Rule 59(e)] and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.") (quoting Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)). "A Rule 59(e) motion may only be granted only in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012) (internal quotation marks and citation omitted). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id.

Applying these principles, the court concludes that Thompson is not entitled to relief under Rule 59(e). In accordance with 28 U.S.C. § 1915(b), Thompson was initially granted leave to proceed IFP to the extent that he was permitted to "pay the filing fee via installments" from his prison account. ECF No. 24; see also DeBlasio v. Gilmore, 315 F.3d 36, 398 (4th Cir. 2003) ("Under section 1915(b)(1), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner, in contrast to the average litigant, is not excused from paying the

2

filing fee. Instead, the statute establishes a payment scheme for prisoners . . . .") (internal citations and footnote omitted). Once Thompson was released from prison, the court properly required him to either pay the filing fee or apply to proceed IFP under 28 U.S.C. § 1915(a)(1), which applies to non-prisoner litigants. In DeBlasio, the United States Court of Appeals for the Fourth Circuit held that a released prisoner's "obligation to pay filing fees is determined by evaluating whether he qualifies under the general in forma pauperis provision of 28 U.S.C. § 1915(a)(1)." Id. at 397. Thus, a prisoner who is released before paying the entire filing fee may "apply to proceed under the general [provision]." Id.; see also id. at 399 (agreeing with the Second Circuit that "a released prisoner may proceed in forma pauperis upon satisfying the poverty provisions applicable to non-prisoners").

As indicated above, the court gave Thompson the opportunity to either pay the filing fee or apply to proceed IFP. Despite being warned that failure to comply would result in dismissal, he did not respond to the court's orders. Accordingly, the court did not commit clear error in dismissing the case without prejudice.

For these reasons, it is hereby **ORDERED** that Thompson's motion for reconsideration, ECF No. 57, is **DENIED**. It is **FURTHER ORDERED** that Thompson's motion for a ruling, ECF No. 61, and his motion for extension of time to respond to the defendants' motion to dismiss, ECF No. 58, are **DISMISSED** as moot.

The Clerk shall send a copy of this order to Thompson and to all counsel of record.

It is so **ORDERED**.

Entered: August 16, 2022

*[Signature]*
Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.08.16 16:34:44 -04'00'

Michael F. Urbanski
Chief United States District Judge

4